IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH S. WINGATE, | § | |
| | § | No. 438, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below:  Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1612005276 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  April 18, 2018
Decided:    June 14, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This is the appellant's direct appeal from his conviction and sentencing in the Superior Court.  Having considered the no-merit brief and motion to withdraw submitted by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1)    On December 8, 2016, Detective Jason Russo of the Delaware State Police saw the appellant, Joseph Wingate, driving a black Chevrolet Monte Carlo eastbound on Route 40 in Bear, Delaware.  A female sat in the front passenger seat of the car.  Detective Russo was in an unmarked undercover car and knew that Wingate had an active capias.  Detective Russo radioed dispatch for a uniformed officer to conduct a vehicle stop of the Monte Carlo.  Corporal Robin Brown

1

positioned her fully marked patrol car directly behind the Monte Carlo and activated the overhead lights and siren. The Monte Carlo initially slowed down in the right lane, but then it sped away, and a high speed chase ensued. During the pursuit, the Monte Carlo disregarded and ran traffic signals and drove on the shoulder and in the center median at speeds exceeding ninety miles per hour. A mobile video recorder ("MVR") in Corporal Brown's patrol vehicle recorded the pursuit.

(2) Corporal Stephen Ballard and Detective Michael Lilly joined Corporal Brown in pursuing the Monte Carlo as it raced southbound on Route 13. At the top of the St. George's Bridge, Wingate slowed the Monte Carlo and pulled over to the right side of the road. An object was thrown out of the passenger side window and onto the road, and Wingate sped off and continued southbound on Route 13. Detective Lilly remained at the bridge and recovered the package thrown from the Monte Carlo. The package contained 652 individual bags of a substance that was later determined to be heroin.

(3) After crossing the St. George's Bridge, the Monte Carlo turned off of Route 13 and headed toward the Delaware-Maryland border. By this time, a Delaware State Police helicopter equipped with a MVR had joined in the pursuit of the Monte Carlo. When Wingate drove over the Maryland state line, the patrol cars backed off, and the helicopter continued following Wingate as he drove into Maryland.

2

(4) In Chesapeake City, Maryland, Wingate stopped briefly in front of the Chesapeake Inn. The passenger exited the Monte Carlo and Wingate drove away. The passenger was taken into custody by Maryland State Police officers who were directed to the location by Detective Russo. The helicopter continued following the Monte Carlo until it was stopped by the Maryland State Police near Northeast, Maryland, where Wingate was taken into custody. Detective Russo returned to Delaware to apply for a warrant for Wingate's arrest on drug and motor vehicle charges.

(5) Following his arrest in Delaware, Wingate was indicted for drug and motor vehicle offenses. A few days before trial, Wingate moved for permission to discharge his appointed counsel ("Trial Counsel") and represent himself at trial. When a defendant asserts the right to self-representation, the trial court is required to conduct an evidentiary hearing to determine whether the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent.[1]

(6) The hearing on Wingate's motion to proceed pro se was held before a Superior Court Commissioner. Wingate, Trial Counsel, and the prosecutor appeared at the hearing. Wingate told the Commissioner that he wanted to proceed pro se because his Trial Counsel had refused to file a pretrial motion to suppress. According to Wingate, a motion to suppress was warranted because he was arrested

---

[1] *Morrison v. State*, 135 A.3d 69, 73 (Del. 2016).

on the basis of a false statement in the affidavit of probable cause for the arrest warrant—that Detective Russo saw Wingate throwing drugs from the Monte Carlo—and because the State had withheld discovery from the defense. When asked about the status of discovery, Trial Counsel informed the Commissioner that, earlier that day, the State had provided the defense with a DVD of a statement given by the passenger. Trial Counsel indicated that the gist of the statement was that Wingate handed the package of drugs to the passenger and told her to throw it out of the window.

(7) At the conclusion of the hearing, the Commissioner found that Wingate's waiver of the right to counsel was knowing, intelligent, and voluntary and granted the motion to proceed pro se, contingent upon the Trial Judge's review. At the start of trial the following day and after thoroughly discussing with Wingate the inherent risks of proceeding to trial without counsel, the Trial Judge granted Wingate's motion to proceed pro se.

(8) Before starting trial, the Trial Judge asked if there were any other preliminary matters she needed to address. In response, Trial Counsel gave the following update about the DVD of the passenger's statement:

> Just an issue that has been resolved, Your Honor. Yesterday, the State gave me a DVD of a female witness that was purportedly in the car with Mr. – in the car that the police chased. I tried to play it today. It was not audible downstairs, but the issue is resolved because that witness is not going to testify at trial. So I don't think Mr. Wingate needs to see the – unless he has a different position.

4

Wingate replied, "That is correct. Not a problem."[2]

(9) Wingate represented himself at trial with Trial Counsel as standby counsel. The jury heard testimony from Detective Russo, Corporal Brown, Detective Lilly, and the helicopter pilot, Corporal Stipa, and watched the MVR recordings of the vehicle chase. During trial, the parties stipulated that the substance recovered at the St. George's Bridge was heroin and stipulated to the admission of the drug lab report that gave the heroin's weight. At the conclusion of trial, the jury convicted Wingate of the offenses charged in the indictment.

(10) Wingate appeared pro se at sentencing with Trial Counsel as standby counsel. Wingate asked the Trial Judge to grant him a hearing under *Franks v. Delaware*, based on his claim of a false statement in the probable cause affidavit. The request was denied.

(11) Wingate was sentenced to a total of five years and thirty days of Level V incarceration suspended after two years mandatory for two years and six months of concurrent probation. After the sentence was imposed, Wingate advised the Trial Judge that he wanted to proceed with the assistance of counsel on direct appeal, and this appeal was filed.

---

[2] Trial Tr. at 11 (Aug. 8, 2017).

(12)   On appeal, Wingate's appellate counsel ("Appellate Counsel") has filed a no-merit brief under Rule 26(c) and a corresponding motion to withdraw. Appellate Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.  Appellate Counsel provided Wingate with a copy of the brief and appendix in draft form, the motion to withdraw, and a letter explaining that Wingate had a right to supplement the brief before it was filed with the Court.  Wingate supplemented the brief with written points for the Court's consideration.  The State has responded to the position taken by Appellate Counsel, the points raised by Wingate, and has moved to affirm the Superior Court's judgment.

(13)   In his first claim on appeal, Wingate contends that he was arrested on the basis of the alleged false statement in the affidavit of probable cause and that, but for the presence of that statement, he would not have been arrested.  Wingate's claim is without merit.  An affidavit for an arrest warrant must provide sufficient information to support an independent judgment that probable cause exists to believe that the accused has committed an offense.[3]  Under *Franks v. Delaware*, a false statement in an affidavit can serve as a basis to set aside a warrant only if a reviewing court finds that the false statement was necessary to the finding of probable cause.[4]

---

[3] Del. Super. Ct. Crim. R. 4(a).
[4] 438 U.S. 154 (1978).

The reviewing court makes the required finding by reviewing the affidavit with the false statement removed to determine if the remaining information in the affidavit is sufficient to find probable cause.[5] In this case, reviewing the probable cause affidavit with the alleged false statement removed, the affidavit contained sufficient uncontested allegations to establish probable cause for Wingate's arrest.[6]

(14) In his second claim on appeal, Wingate contends that he was prejudiced by the State's alleged failure to give the defense timely notification of and access to the DVD of the passenger's statement. The claim was waived at trial when Wingate agreed with Trial Counsel that the State's decision not to call the passenger as a witness made the DVD immaterial to the defense. By his own admission, Wingate was not prejudiced by the alleged notice and disclosure violations concerning the DVD.

(15) When considering a Rule 26(c) brief and an accompanying motion to withdraw, we must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for claims that could arguably support the

---

[5] *Id.*

[6] To be clear, the affidavit we reviewed was submitted by Wingate after the Rule 26(c) brief and response were filed. Although Wingate used the affidavit when cross-examining Detective Russo, the affidavit was not admitted into evidence, and it is not otherwise included in the Superior Court record. Ordinarily, we confine ourselves to "the original papers and exhibits" before the trial court. Del. Sup. Ct. R. 9(a). In this case, however, we took note of the affidavit submitted by Wingate to address his claim on appeal that the affidavit contained a false statement that rendered it insufficient to establish probable cause for the arrest warrant.

7

appeal.[7]  Also, we must conduct our own review of the record to determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[8]  In this case, we have reviewed the record and concluded that Wingate's appeal is "wholly without merit."[9]  We are satisfied that Wingate's appellate counsel made a conscientious effort to examine the record and the law and properly determined that Wingate could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of convictions is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[7] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[8] *Penson v. Ohio*, 488 U.S. at 82.
[9] Del. Sup. Ct. R. 26(c).